## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ABRAHAM OVADIA,

        Plaintiff,

    v.

5 RABBIT CERVECERIA, INC.

        Defendant.

Case No. 17-cv-3171

Judge

## COMPLAINT

Now comes Plaintiff, Abraham Ovadia, by and through his attorneys, Angelini & Ori, LLC, and for his Complaint for Breach of Contract against Defendant, 5 RABBIT CERVECERIA, INC., alleges as follows:

### Introduction

Plaintiff brings this action for Breach of Contract arising under a Convertible Promissory Note dated March 12, 2012, which was secured by a Security Agreement dated October 15, 2011. Plaintiff seeks damages in the amount of $220,000.00, plus prejudgment interest, reasonable attorneys' fees, and court costs.

### Parties

1. Plaintiff, Abraham Ovadia is an individual who resides and is domiciled in the city of Naucalpan in the country of Mexico.

2. Defendant, 5 Rabbit Cerveceria, Inc., is a Delaware corporation with its principal place of business in Bedford Park, Illinois.

1

**Jurisdiction and Venue**

3. Plaintiff is a citizen and domiciliary of the country of Mexico, and Defendant is a citizen of the State of Illinois.

4. The amount in controversy that is the subject matter of this Complaint exceeds $75,000.00, exclusive of interest and costs.

5. Therefore, this Court has original jurisdiction over this civil action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(1)-(2), as Defendant is a resident of the Northern District of Illinois, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois, and a substantial part of the property securing the subject Promissory Note is situated in the Northern District of Illinois.

7. Additionally, Section 13(b) of the subject Convertible Promissory Note fixes jurisdiction and venue in the courts of the State of Illinois and the United States District Court for the Northern District of Illinois.

**COUNT I – BREACH OF CONTRACT (Promissory Note)**

8. Plaintiff, Abraham Ovadia ("Mr. Ovadia" or "Holder") and Defendant, 5 Rabbit Cerveceria, Inc. ("5 Rabbit" or "Maker"), agreed to and executed a Convertible Promissory Note dated March 12, 2012 ("Promissory Note"). Exhibit A – Promissory Note.

2

9. The Promissory Note states, in relevant part:

   1. <u>Payments of Principle and Interest</u>. Interest on the unpaid balance shall accrue at a rate of twelve percent (12.00%) annually and shall be calculated based on the actual number of days elapsed in a year of 360 days. Maker shall pay Holder interest quarterly in arrears on the unpaid principal balance hereof on the first day following the last day of each fiscal quarter beginning with the fiscal quarter ending December 31, 2011. The principal of this Note and any accrued but unpaid balance shall be payable by Maker on the five year anniversary of the date of this Note.

10. The terms of the Promissory Note required 5 Rabbit to pay to Mr. Ovadia the principal amount of two hundred twenty thousand dollars ($220,000.00), plus interest accruing at the rate of twelve percent (12.00%) annually. <u>Exhibit A – Promissory Note, § 1</u>.

11. The terms of the Promissory Note required 5 Rabbit to pay to Mr. Ovadia said accrued interest quarterly in arrears on the unpaid principal balance. <u>Exhibit A – Promissory Note, § 1</u>.

12. 5 Rabbit did, in fact, make certain quarterly interest payments.

13. The terms of the Promissory Note required 5 Rabbit to pay to Mr. Ovadia the principal of the Promissory Note ($220,000.00) plus any accrued but unpaid interest on the five-year anniversary of the date of the Promissory Note. <u>Exhibit A – Promissory Note, § 1</u>.

14. The five-year anniversary of the date of the Promissory Note occurred on March 12, 2017.

15. 5 Rabbit did not repay to Mr. Ovadia, on or anytime after March 12, 2017, the principal sum of $220,000.00, plus any accrued but unpaid interest.

16. The terms of the Promissory Note, in relevant part, defines an Event of Default as:

"(a) if the principal of or interest on this Note is not paid when due and the Maker does not cure that payment default within thirty (30) days after receipt by the Maker of written notice from the Holder." Exhibit A – Promissory Note, §8(a).

17. On March 13, 2017, Mr. Ovadia made demand for payment and notice of default on 5 Rabbit by certified mail, return receipt requested, with postage prepaid.

18. Under the terms of the Promissory Note, notice is effective on the third day after mailing if mailed to the party to whom notice is to be given by registered or certified mail, return receipt requested, and postage prepaid. Exhibit A – Promissory Note,§11.

19. Three days after March 13, 2017 was March 16, 2017.

20. Thirty days after March 16, 2017 was April 16, 2017.

21. As of April 16, 2017, 5 Rabbit had not satisfied its requirements under the Promissory Note to pay to Mr. Ovadia the principal sum of $220,000.00, plus any accrued but unpaid interest.

22. 5 Rabbit is in default pursuant to the terms of the Promissory Note.

23. Pursuant to the Promissory Note, upon an Event of Default, and in relevant part, Mr. Ovadia is entitled to all of the rights and remedies provided by the terms of the Promissory Note, other Note Documents, and any rights and remedies available under all applicable laws.

24. Accordingly, Mr. Ovadia hereby enforces his right to claim the total principal amount of the Promissory Note from 5 Rabbit, specifically, two hundred twenty thousand dollars ($220,000.00), plus any accrued but unpaid interest on the principal amount, plus attorneys' fees and costs provided for in the Promissory Note, and prejudgment interest.

4

25. Pursuant to the Promissory Note, 5 Rabbit was required to pay two hundred twenty thousand dollars ($220,000.00), plus any accrued but unpaid interest, to Mr. Ovadia on or before March 12, 2017.

26. When 5 Rabbit failed to satisfy its obligations on March 12, 2017, 5 Rabbit triggered an Event of Default under the Promissory Note.

27. Pursuant to the Promissory Note, 5 Rabbit had 30 days from receipt of written notice of default to cure said default.

28. Mr. Ovadia provided demand for payment and notice of said default on March 16, 2017.

29. 5 Rabbit's 30 day opportunity to cure said default expired on April 16, 2017.

30. 5 Rabbit breached the Promissory Note by failing to pay two hundred twenty thousand dollars ($220,000.00), plus any accrued but unpaid interest, to Mr. Ovadia on or before April 16, 2017.

31. Mr. Ovadia has performed all of his obligations under the terms of the Promissory Note.

32. Pursuant to the Promissory Note, Mr. Ovadia is entitled to recover from 5 Rabbit all reasonable attorneys' fees and costs of this lawsuit that have been, or will be in the future, incurred in connection with instituting and pursuing this action.

33. As a result of 5 Rabbit's breach of the Promissory Note, Mr. Ovadia has been damaged in amount of two hundred twenty thousand dollars ($220,000.00), plus any interest accrued but unpaid, plus pre-judgment interest, attorneys' fees, and costs.

Wherefore, Plaintiff, Abraham Ovadia, respectfully requests this Honorable Court enter an award in his favor, and against Defendant, 5 Rabbit Cerveceria, Inc., in the amount of two hundred twenty thousand dollars ($220,000.00), plus any interest accrued but unpaid pursuant to the terms of the Promissory Note, plus pre-judgment interest, attorneys' fees, and costs.

Dated: April 27, 2017          Respectfully Submitted,

         ___*/s/ Donald J. Angelini, Jr.*___
         Donald J. Angelini, Jr.
         Angelini & Ori, LLC
         155 N. Michigan Avenue, Suite 400
         Chicago, Illinois 60601
         P: 312.621.0000
         F: 312.621.0001
         dangelini@angeliniorilaw.com

         Counsel for Plaintiff